NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-3957
_____

UMIT BOZKURT,
Petitioner

v.

ATTORNEY GENERAL OF THE UNITED STATES,
Respondent
_____

Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A088-232-102)
Immigration Judge:  Honorable Dorothy Harbeck
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 20, 2010

Before:  RENDELL, JORDAN and VAN ANTWERPEN, Circuit Judges

(Opinion filed:11/2/2010)
_____

OPINION OF THE COURT
_____

PER CURIAM

Umit Bozkurt petitions for review of a decision of the Board of Immigration

Appeals (BIA).  For the reasons below, we will deny the petition for review.

Bozkurt, a citizen of Turkey, entered the United States in July 2005 as a visitor for

pleasure. In 2007, he was charged as removable for overstaying his admission period. He conceded removability and applied for asylum, withholding of removal, and relief under the Convention Against Torture (CAT). He argued that he had been and would be persecuted in Turkey based on his Christian religious beliefs. After a hearing, an Immigration Judge (IJ) denied relief and ordered Bozkurt removed to Turkey. The BIA dismissed Bozkurt's appeal, and he filed a timely petition for review.

The BIA agreed with the IJ's determination that Bozkurt's asylum application was untimely. Generally, we lack jurisdiction to review a decision that an asylum application is untimely. 8 U.S.C. § 1158(a)(3). We have jurisdiction to review constitutional claims and questions of law but not factual or discretionary determinations related to the timeliness of an asylum application. Sukwanputra v. Gonzales, 434 F.3d 627 (3d Cir. 2006). Bozkurt does not raise any questions of law or constitutional claims with respect to the determination that his asylum application was untimely.

We have jurisdiction under 8 U.S.C. § 1252 to review the denial of Bozkurt's application for withholding of removal. To establish eligibility for withholding of removal, Bozkurt must demonstrate that it was more likely than not that his life would be threatened in Turkey on account of race, religion, nationality, membership in a particular social group, or political opinion. Tarrawally v. Ashcroft, 338 F.3d 180, 186 (3d Cir. 2003); 8 U.S.C. § 1231(b)(3)(A). In immigration cases, we review factual determinations under the substantial evidence standard. Dia v. Ashcroft, 353 F.3d 180 186 (3d Cir. 2003)(en banc). The findings upon which the BIA's decision is based are considered

2

conclusive unless "any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). We exercise de novo review over the BIA's legal decisions. Toussaint v. Att'y Gen., 455 F.3d 409, 413 (3d Cir. 2006).

Bozkurt asserts that he was punched twice by his father for being a Christian and was unable to change his Turkish identification card to state that he was a Christian. He also states that he received threatening phone calls. The BIA concluded that these events did not rise to the level of past persecution. Bozkurt has not shown that the record compels a finding to the contrary. See Li v. Att'y Gen., 400 F.3d 157, 164 (3d Cir. 2005) ("[U]nfulfilled threats must be of a highly imminent and menacing nature in order to constitute persecution."); Chen v. Ashcroft, 381 F.3d 221, 235 (3d Cir. 2004) (beating with sticks that produced no injuries needing medical treatment not persecution).

Bozkurt also contends that he has a well-founded fear of persecution because mistreatment of Christians in Turkey is pervasive. To establish a well-founded fear of persecution, Bozkurt must show that he would be singled out for persecution or that there is a pattern or practice of persecution of similarly-situated individuals in Turkey. Wong v. Att'y Gen., 539 F.3d 225, 232 (3d Cir. 2008). The persecution must be "systemic, pervasive, or organized" to constitute a pattern or practice. Id. At 233. The BIA noted that Turkey's constitution protects religious freedom and that this freedom is respected by the Turkish government. The BIA determined that isolated incidents of violence against Christians did not demonstrate that Bozkurt faces a clear probability of persecution in Turkey. In his brief, Bozkurt points to three articles in the record describing attacks on

3

Christians. These articles do not compel a finding that it is more likely than not that Bozkurt will face persecution if returned to Turkey.

Bozkurt argues that he is entitled to relief under the CAT. However, he does not challenge or address the BIA's determination that he waived his CAT claim by failing to allege on appeal that he would face torture by or with the acquiescence of the government in Turkey. Moreover, we agree that Bozkurt did not raise the CAT claim in his brief before the BIA. A.R. at 8-17.

For the above reasons, we will deny the petition for review.

4